# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 26-CR-67-JPS

NATALIE PETERS,

**ORDER**

Defendant.

On September 4, 2025, Defendant Natalie Peters ("Defendant") was charged in Waukesha County Circuit Court with two counts of forgery, two counts of identity theft, and one count of theft of movable property valued at over $100,000. *State of Wisconsin v. Natalie R. Peters*, Case No. 2025CF001473 (Waukesha Cnty. Cir. Ct. 2025), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CF001473&county No=67&mode=details (last visited Apr. 8, 2026) ("State Prosecution").[1]

Defendant filed this action on March 30, 2026, purporting to remove her criminal case to this Court from state court. ECF No. 1. The notice of removal is defective, however, because Defendant cites only the statute establishing jurisdiction over *civil* actions that raise a federal question. *Id.* at 2 (citing 28 U.S.C. § 1331). Defendant makes no reference to the federal removal statutes. *See* 28 U.S.C. §§ 1441–1455. Even if Defendant had cited either 28 U.S.C. § 1443 or § 1455, the sections pertaining to the removal of criminal prosecutions, she fails to meet the criteria of either.

---

[1]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

First, Defendant's notice of removal makes no claim that her state criminal prosecution is violating any of her "specific civil rights stated in terms of racial equity." *Yashar'al v. Hopper*, 849 F. App'x 591, 592 (7th Cir. 2021) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)); *see generally* ECF No. 1. She therefore has no basis for removal under § 1443.

Second, Defendant's notice of removal is deficient under § 1455 because she failed to move in this branch of the Court within thirty days of her arraignment, as required. 28 U.S.C. § 1455(b)(1) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, *whichever is earlier* . . . ." (emphasis added)). Defendant was arraigned in the State Prosecution on October 23, 2025. State Prosecution, Oct. 23, 2025 docket entry. Trial has not yet been scheduled in that case. *See generally* State Prosecution docket. She therefore had until November 24, 2025 to file her notice of removal in this branch of the court. *See* 28 U.S.C. § 1455(b)(1). Instead, she waited until March 30, 2026—nearly four months late—to remove her case to federal court. *See* ECF No. 1. The Court notes that it appears that Defendant filed a notice of removal in the State Prosecution before she was arraigned—*see* State Prosecution, Oct. 22, 2025 docket entry—but that notice is defective because "[a] defendant . . . desiring to remove a[] criminal prosecution from a State court shall file in *the district court of the United States for the district and division within which such prosecution is pending* a notice of removal . . . ." 28 U.S.C. § 1455(a) (emphasis added).

Defendant filed a supplement one week after her initial notice of removal in this case, ECF No. 2, referencing for the first time three additional Waukesha County cases: *State of Wisconsin v. Natalie R. Peters*,

Case No. 2026CF000254 (Waukesha Cnty. Cir. Ct. 2026), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2026CF000254&countyNo=67&mode=details; *State of Wisconsin v. Natalie R. Peters*, Case No. 2026CF000455 (Waukesha Cnty. Cir. Ct. 2026), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2026CF000455&countyNo=67&mode=details; *State of Wisconsin v. Natalie R. Peters*, Case No. 2026CF000416 (Waukesha Cnty. Cir. Ct. 2026), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2026CF000416&countyNo=67&mode=details (together, "Related State Cases"). While Defendant has yet to be arraigned in these cases, they are cross-referenced with the original case she purported to remove (the State Prosecution) and, indeed, involve bail jumping charges, indicating that she did not comply with the terms of her bail in the State Prosecution. *See* State Prosecution, Mar. 30, 2026 docket entry (revoking Defendant's bail and issuing an arrest warrant); *see generally* Related State Cases. Not only does the fact that the Related State Cases are cross-referenced with the State Prosecution counsel against permitting removal, but in any event, Defendant has not stated any authority that gives her the basis to remove any of her state cases. While "28 U.S.C. § 1455 [is] the statute that provides the *procedure* for removing state criminal cases to federal court . . . 'it does not provide a criminal defendant with the right to do so.'" *United States v. Jones*, No. 17-cr-207-pp, 2017 WL 6375747, at *2 (E.D. Wis. Dec. 13, 2017) (emphasis in original) (quoting *Illinois v. Sadder-Bey*, No. 17-cv-4999, 201 WL 2987159 (N.D. Ill. July 13, 2017)). Thus, Defendant's supplement does not change the analysis.

Because it is apparent "on the face of the notice and any exhibits annexed thereto that removal should not be permitted," the Court will summarily remand this case to Waukesha County Circuit Court. *Id.*

Case 2:26-cr-00067-JPS     Filed 04/08/26     Page 3 of 4     Document 4

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **SUMMARILY REMANDED** to Waukesha County Circuit Court.

The Clerk of Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge